*In re* LIC. FRANK VALENTÍN GONZÁLEZ.

*Número:* MC-83-49    *Resuelto:* 23 de enero de 1984

*Arturo Negrón García,* Presidente del Colegio de Abogados de Puerto Rico, abogado del querellante; *Frank Valentín González, pro se.*

PER CURIAM: Con fecha de 20 de octubre de 1983 el Colegio de Abogados de Puerto Rico presentó ante nos un informe sobre conducta profesional del Lcdo. Frank Valentín González, que concluyó con la solicitud de que se tome acción disciplinaria contra dicho abogado. En resolución de 10 de noviembre requerimos del licenciado Valentín González que expusiera su posición al respecto y expresara las razones por las cuales no debía ser disciplinado. Ha comparecido y estamos en condiciones de resolver.

La actuación del Colegio de Abogados respondió a una queja de la Presidenta de la Comisión Industrial, Lcda. Jeannette Tomasini, en que informa sobre cartas cursadas por el licenciado Valentín González a diferentes personas para ofrecerles sus servicios profesionales en relación con su derecho a compensación por accidentes del trabajo. Notificado de la queja y la posible violación de los cánones 34 y 36 de Ética Profesional, éste contestó, se dio audiencia a las partes ante la Comisión de Ética del Colegio de Abogados y finalmente se formularon por dicha Comisión las siguientes determinaciones de hecho:

No existe conflicto en la prueba. El Lcdo. Frank Valentín González admitió que acostumbra enviar correspondencia a personas que no conoce personalmente pero que, por haber sufrido un accidente del trabajo, son potenciales clientes a ser representados ante la Comisión Industrial. El nombre de estos

potenciales clientes le es informado por clientes suyos, por amigos de sus clientes y por abogados que no postulan ante la Comisión Industrial. Un empleado de una oficina de cupones cercana a su antiguo bufete en Guaynabo también le informaba los nombres de clientes potenciales. Una de dichas cartas, evidentemente, de tipo formulario, reza como sigue:

"Estimado señor Pérez:

Mi oficina de Servicios Legales está a su disposición. Nos especializamos en casos del Fondo del Seguro del Estado y Seguro Social, entre otros. En estas materias, los servicios profesionales míos son gratis, ya que el gobierno se encarga de pagar tanto en la agencia gubernamental local, como en la federal.

Su caso fue referido a mi oficina y es por eso que le escribo esta carta. Si usted tiene ya contratada representación legal con otro abogado *FAVOR DE HACER CASO OMISO DE ESTA CARTA,* ya que no pueden haber dos abogados, representándolo en un mismo caso.

Si usted desea que yo lo represente, favor de contestar mi carta en los próximos diez (10) días para concertar una cita, y entrevistarlo. Si tiene alguna duda, favor de escribirme inmediatamente a mi oficina. Mucho le he de agradecer se comunique conmigo lo antes posible.

De no ser este su deseo, le damos las gracias por su atención a esta carta, y nos reiteramos a sus órdenes para cualquier gestión que tenga a bien solicitar nuestros servicios nuevamente.

Atentamente,
(Fdo.), FRANK VALENTÍN GONZÁLEZ

FVG/lcv

P.D. Recuerde que tiene sólo 30 días para apelar las decisiones del Fondo del Seguro del Estado, y 60 días para apelar las denegatorias del Seguro Social, a partir de la fecha de notificación.

F.V.G."

De su faz surge que este tipo de carta puede haber sido enviada a personas que ya habían contratado un abogado para representarlos ante la Comisión Industrial.

La otra carta reza así:

"Estimado señor Calo:

Por la presente le invito a que pase por mi oficina a la mayor brevedad posible, ya que me he enterado por un cliente de la oficina que sufrió un accidente del trabajo y necesita orientación sobre este particular.

Mi oficina está localizada en la Calle Brumbaugh #1334, segundo piso, en los altos del Colmado Los Diablos, Río Piedras, Puerto Rico, junto al Lcdo. Suárez Lazú, con quien comparto oficinas. Tel. 765-6156.

Estaré en mi oficina el viernes 19 de febrero de 1982, de 2:00 P.M. en adelante.

Cordialmente,
(Fdo.) FRANK VALENTÍN GONZÁLEZ"

El colegiado también acostumbra tener un agente en las inmediaciones de la Comisión Industrial repartiendo sus tarjetas publicitarias a obreros lesionados que acuden a las oficinas de la Comisión en busca de orientación.

█ Concluyó la Comisión de Ética, como cuestión de Derecho, que la conducta del querellado está reñida con el Criterio General y los cánones 34 y 36 de Ética Profesional.[1] En su comparecencia ante nos se limita el querellado a cuestionar que su conducta fuera interpretada como

---

[1] Dicen como sigue:

"Canon 34. *Instigación o Gestión de Pleitos*

"Actúa contrario a los altos postulados de la profesión el abogado que, con propósito de lucro y sin ser requerido para que ofrezca su consejo o asesoramiento legal, aliente o estimule, en alguna forma, a clientes potenciales para que inicien reclamaciones judiciales o de cualquier otra índole. Es también contrario a la sana práctica de la profesión el que un abogado, sin ser requerido, bien lo haga personalmente o a través de personas, investigue o rebusque defectos en títulos u otras posibles fuentes o causas de reclamaciones a los fines de beneficiarse en alguna forma mediante la prestación de sus servicios profesionales.

"Empaña la integridad y el prestigio de la profesión y es altamente reprobable el que un abogado, actuando directamente o a través de intermediarios o agentes, haga gestiones para proporcionarse casos o reclamaciones en que intervenir o para proporcionarlos a otros abogados. Incurre en igual falta el abogado que dé u ofrezca beneficios, favores o compensación de clase alguna a empleados públicos, ajustadores de seguros u otras terceras personas con el fin de ganarse su favor para el referimiento de asuntos que puedan dar base a reclamaciones o casos y, por ende, proporcionarle al abogado aumento en su clientela.

"Por tratarse de una conducta desdorosa, tanto con respecto a la profesión legal como con la justicia en general, todo abogado está obligado a informar a los orga-

violación de los mencionados cánones. Aunque admite haber enviado las cartas a que se alude en el informe, señala que

---

nismos competentes sobre cualquier caso en que se incurra en dicha práctica impropia y reprensible inmediatamente después de tener conocimiento de ello."

"Canon 36. *Publicidad o Anuncios del Abogado*

"(A) El mejor anuncio del abogado es la reputación de idoneidad e integridad ganada en el ejercicio de su profesión.

"(B) Al anunciarse en los medios de comunicación el abogado deberá evitar cualquier tipo de propaganda que tienda a promover pleitos innecesarios, que siembre expectativas irrazonables sobre el éxito de sus gestiones, o que pueda afectar la dignidad de la relación entre abogado y cliente. En general, es impropio todo tipo de anuncio que no se justifique como un medio razonable y profesionalmente aceptable de dar a conocer al público la disponibilidad de servicios legales. En particular, es impropio cualquier tipo de anuncio que incluya:

"(1) gráficas, dibujos, retratos o cualquier otro tipo de ilustración gráfica, o

"(2) expresiones autoelogiosas del abogado o referencia a la calidad de los servicios legales que presta, o

"(3) reclamo del abogado como especialista o perito en determinada área del derecho, o

"(4) expresiones o informaciones falsas, fraudulentas o engañosas, incluyendo lo siguiente:

"(a) representación ambigua de una situación de hechos.

"(b) dejar de consignar cualquier hecho pertinente que sea necesario para la cabal comprensión del asunto al que se refiere la parte correspondiente del anuncio.

"(c) expresiones que puedan producir la impresión de que el abogado está en posición de influir indebidamente sobre un tribunal o un funcionario público.

"(d) referencia a honorarios en forma imprecisa o con relación a servicios cuyo valor total no pueda anticiparse al aceptar la representación.

"(C) Para facilitar el proceso de selección de representación legal por parte de clientes potenciales, el abogado podrá publicar, en la prensa, radio o televisión, siempre y cuando no se haga en violación a lo dispuesto en el apartado (B) de este canon, información relativa a los servicios legales por él prestados, incluyendo lo siguiente:

"(1) nombre del abogado con su dirección profesional y teléfono,

"(2) información sobre cuáles áreas del derecho están comprendidas en su práctica de la profesión, incluyendo la aseveración de que dicha práctica está limitada a una o más disciplinas,

"(3) información relativa a los honorarios por servicios legales rutinarios, tales como: divorcio no contencioso, adopción, licencia y renovación de licencia para portar armas, declaratoria de herederos y cambio de nombre,

"(4) información relativa al modo de pagar los honorarios, incluyendo si hay facilidades de pago o si se aceptan determinadas tarjetas de crédito.

"(D) No es ética la práctica de pagar o compensar en cualquier forma a miembros de la prensa, radio, televisión o cualquier otro medio de publicidad para que estos medios destaquen el nombre o la labor de un abogado en su gestión profesional.

"(E) La publicación de una breve reseña profesional en un directorio legal es

no debe ser disciplinado por ello. Expresa que en su práctica profesional se ha preocupado por no infringir los cánones de ética y que ha ejercido la abogacía con sacrificio, manteniendo un récord limpio y la confianza de su familia y de la comunidad.

■ No podemos aceptar las candorosas explicaciones del querellado. Convenimos con la Comisión de Ética en que al enviar dichas cartas se violaron los mencionados cánones 34 y 36. El querellado señala que cuando ha tenido dudas sobre la eticidad de alguna actuación profesional suya ha consultado al Colegio de Abogados y a "personas allegadas a la actividad que quiero desempeñar". No nos dice si lo hizo en relación con el tipo de actuación que aquí nos ocupa. Valga señalar que las dudas sobre cuestiones de ética profesional debe resolverlas el abogado con rigurosidad contra sí mismo.

■ En la práctica del comercio es aceptable que la mercancía se exhiba en vitrinas y escaparates. En la práctica de la abogacía la mercancía de que se dispone es el talento, el conocimiento del Derecho y las destrezas del abogado, mercancía que se anuncia por sí sola a través de la reputación bien ganada. Recurrir a las tácticas del anuncio y la solicitación del tipo comercial en nada contribuye al buen nombre del abogado que así actúa y en mucho contribuye a desmerecer a la profesión en general en el concepto que de ella se tenga.

*El querellado deberá desistir inmediatamente de enviar comunicaciones como las que aquí nos ocupan, y deberá ceñirse al cumplimiento de los cánones de Ética Profesional de manera estricta. No consideramos de rigor, por ahora, imponerle otra medida disciplinaria que la censura y nues-*

---

permisible como uno de los medios aceptables para dar a conocer la disponibilidad de un abogado para prestar servicios legales.

"(F) Cualquier duda que surja en la mente de un abogado sobre la corrección y propiedad de un recurso publicitario debe ser consultada al organismo del Colegio de Abogados designado para emitir opinión al respecto.

"(G) Nada de lo dispuesto en este canon debe interpretarse como permitiendo la solicitación personal —directa o indirecta— de clientes, con fines pecuniarios."

*tra amonestación por la conducta observada. Quede apercibido que cualquier reincidencia de su parte en la práctica que aquí censuramos, o en cualquier otra desviación de la ética profesional, podrá merecer nuestra más severa sanción.*

El Juez Asociado Señor Dávila no intervino y el Juez Asociado Señor Negrón García se inhibió.