El Pueblo de Puerto Rico, demandante, *v.* Luis R. Sánchez Molina, demandado y peticionario.

*Número:* CC-96-31          *Resuelto:* 23 de febrero de 1996

*Efraín Meléndez,* abogado de la parte peticionaria.

— O —

Panel integrado por su presidenta, Juez Alfonso de Cumpiano, y los Jueces Broco Oliveras y Miranda De Hostos.

Miranda De Hostos, Juez Ponente.

## RESOLUCIÓN

Se recurre de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, que declaró que el aquí peticionario Lcdo. Efraín Meléndez Rodríguez está descalificado como abogado defensor del acusado Luis R. Sánchez Molina por aparente conflicto de intereses, según lo dispone el Código de Ética Profesional.

Señala el peticionario en el recurso de *certiorari*, que el tribunal de instancia incidió al resolver que "[b]ajo los Cánones de [É]tica Profesional era procedente la descalificación del abogado defensor de un acusado criminal por el hecho de que dicho abogado fuese designado Fiscal Especial Independiente en unos casos no relacionados al caso".

Luego de analizar la petición y de evaluar los documentos que obran en los autos ante nuestra consideración, incluso el escrito presentado por el Ministerio Público en el tribunal de instancia, denegamos expedir el auto solicitado por los fundamentos siguientes.

### I

Los hechos en el presente caso para la resolución de esta controversia son los siguientes. Al Sr. Luis R. Sánchez Molina se le presentaron acusaciones por alegada infracción al Art. 233 del Código Penal, 33 L.P.R.A. sec. 4429, ayuda a fugas; Art. 210 (33 L.P.R.A. sec. 4361), soborno agravado, y Art. 166 (33 L.P.R.A. sec. 4272), apropiación ilegal agravada, las cuales fueron presentadas por la División de Crimen Organizado y Drogas del Departamento de Justicia. El acusado contrató al Lcdo. Efraín Meléndez Rodríguez como su representante legal, siendo éste a su vez Fiscal Especial Independiente (F.E.I.) según contratado por la Oficina del Fiscal Especial Independiente (O.F.E.I.) en otros casos no relacionados con el antes mencionado, con-

forme la Ley Núm. 2 de 23 de febrero de 1988, conocida como la Ley de Fiscal Independiente, 3 L.P.R.A. sec. 99h *et seq.*

El Ministerio Público, ante tales circunstancias, presentó durante la vista preliminar una moción en el tribunal de instancia en la que solicitaba que se descalificara al Lcdo. Efraín Meléndez Rodríguez por aparente conflicto de interés al representar a una persona a la cual se le acusa por delito sobre corrupción gubernamental. El entonces Tribunal de Distrito, Sala de Vistas Preliminares de San Juan, declaró no ha lugar dicha moción. Luego de transcurrido un (1) año y siete (7) meses, y de presentarse las acusaciones en el Tribunal de Primera Instancia, Sala Superior de San Juan, se presentó nuevamente por el Ministerio Público una moción en la que solicitaba que se descalificara al Lcdo. Efraín Meléndez Rodríguez.

En contraposición, alega el Lcdo. Efraín Meléndez Rodríguez que no existía un aparente conflicto de intereses al asumir la representación de un acusado de delito por alegados cargos de corrupción gubernamental, ya que la Ley Núm. 2, *supra*, tiene como función principal el crear un mecanismo para lograr la inhibición del Secretario de Justicia en la determinación de presentar cargos criminales contra funcionarios públicos de manera que se eviten las presiones políticas indebidas que en algunas ocasiones surgen en estos casos, según lo resuelto por nuestro más alto Foro en *Pueblo v. Navarro Alicea*, 138 D.P.R. 511 (1995). Por lo cual, la función del F.E.I. no es la de erradicar la corrupción gubernamental como alegaba el Ministerio Público, sino la de despolitizar los procesos que se presenten contra funcionarios públicos. Petición de *certiorari*, págs. 8–9. Además, alegó que el Ministerio Público no acudió en revisión de la primera resolución que denegó la moción de descalificación, por lo cual está impedido por incuria de volverla a presentar.

## II

Conforme los hechos en el presente caso, analicemos los errores que alegadamente señala el peticionario que cometió el tribunal de instancia.

En cuanto a la alegación que el Ministerio Público esperó casi un (1) año y siete (7) meses para presentar nuevamente la moción de descalificación, basta con señalar que dicha resolución no era final y que se circunscribió a la etapa de vista preliminar, por lo cual no vemos impedimento legal alguno que le privara de volverla a presentar, luego de la formulación de las acusaciones y en la etapa de juicio en sus méritos. Por lo cual, no incidió el tribunal de instancia al acoger y resolver la moción de descalificación nuevamente presentada por el Ministerio Público en la etapa de juicio en sus méritos.

## III

Sobre las alegaciones específicas de conflicto de intereses resolvemos lo siguiente. El Tribunal Supremo de Puerto Rico se ha pronunciado de forma reiterada que sobre ellos recae la "[f]acultad inherente para reglamentar la admisión y remoción de una persona del ejercicio de la abogacía". *In re Belén Trujillo*, 128 D.P.R. 949, 957 (1991). Por lo cual, cualquier ley que apruebe la Asamblea Legislativa referente a la admisión y reglamentación del ejercicio de la profesión legal es "[p]uramente directiva no mandatoria"; ya que recae en el Tribunal Supremo el poder inherente de reglamentarla. *Colegio de Abogados de P.R. v. Schneider*, 112 D.P.R. 540, 546 (1982); *In re Bosch*, 65 D.P.R. 248, 251 (1945).

Siendo éstas las circunstancias —independientemente que la Ley Núm. 2, *supra*, permita a un abogado que haya sido nombrado como FEI ejercer la profesión legal y que sobre el particular el contrato de servicios profesionales

también incluya tal salvedad— nuestro más alto Foro, en su función inherente de velar por el fiel cumplimiento del Código de Ética Profesional, tiene la facultad para fiscalizar que la profesión legal cumpla con su misión de "ser un instrumento leal y eficaz de la administración de la justicia y del orden en nuestra sociedad". *Martínez Rivera v. Sears, Roebuck*, 98 D.P.R. 641, 652 (1970).

## IV

A la luz de los principios de derecho antes esbozados —y aunque si bien es cierto que según lo dispone la ley y el contrato de servicios profesionales, al F.E.I. no le está vedado ejercer su profesión y asumir la representación legal en casos criminales— de las circunstancias en el presente caso concluimos, al igual que el tribunal de instancia, que el peticionario debe abstenerse de representar en su capacidad de abogado de defensa a acusados de delitos relacionados específicamente con la corrupción gubernamental por lo siguiente. Es un hecho que no se puede desvirtuar que la corrupción gubernamental como conducta delictiva, es una que está revestida de un apremiante interés por parte del Estado para ser erradicada, ya sea a través del procedimiento ordinario por el Secretario de Justicia o por el procedimiento especial que dispone la Ley Núm. 2, *supra*, en la que se designe a un F.E.I.

La distinción que se crea en virtud de dicha ley, para investigar y presentar cargos, va dirigida a que en casos excepcionales en los que están implicados altos funcionarios públicos se les garantice, tanto al pueblo como al funcionario, una investigación absoluta, objetiva y que esté ajena a las presiones de sectores políticos, pero sin que se prive a los investigados de sus derechos constitucionales. El análisis del historial legislativo de dicha ley demuestra la preocupación por parte de la Asamblea Legislativa de evitar conflictos de intereses entre las instituciones de go-

bierno al investigar este tipo de caso, de manera que dichas investigaciones gocen de la mayor confianza pública.([1]) *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821 (1995). Por lo tanto, es necesario en este tipo de investigación eliminar en lo posible cualquier apariencia de conflicto entre los intereses del Estado, los funcionarios que se procesan, e incluso los abogados, fiscales y jueces que intervienen en éstos casos.

Por tal razón, al abogado que se contrate como F.E.I. no solamente se le requieren excelentes destrezas investigativas, de litigación y de solvencia moral, sino que a su vez por la gran responsabilidad que tiene de investigar a altos funcionarios públicos, debe proyectar una imagen en nuestra sociedad, que pueda lidiar correctamente con las presiones que generan estas causas penales y los intereses conflictivos que se provocan. La fuerza y credibilidad de la institución del FEI descansa en gran medida en la solidez y la confianza pública que generen sus ejecutorias, y la apariencia que proyecte sobre éstas ante nuestra sociedad.([2])

## V

Es un hecho no controvertido que el Lcdo. Efraín Meléndez Rodríguez ha realizado las funciones encomendadas como FEI con el mayor grado de competencia y dignidad

---

([1]) Véase el Tercer informe conjunto de la Cámara de Representantes de 29 de enero de 1988 sobre el P. del S. 931, 10ma Asamblea Legislativa, 4ta Sesión Ordinaria, pág. 12, citado en *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821, 836–837 (1995), sobre el historial legislativo de la Ley Núm. 2 de 23 de febrero de 1988 (3 L.P.R.A. sec. 99h *et seq.*), en particular sobre la política pública de evitar en la investigación y el procesamiento el conflicto de intereses directo y aparente.

([2]) Véase por analogía que la Ley de Ética Gubernamental le prohíbe a los funcionarios públicos que asuman la representación, ya sea directa o indirecta, de persona privada en asuntos que impliquen intereses de política pública entre el Gobierno y dicha persona privada. Art. 6(b) de la Ley Núm. 150 de 22 de diciembre de 1994 (3 L.P.R.A. sec. 1824(b)). De otra parte, el Art. 3.7 (3 L.P.R.A. sec. 1827) de dicha ley le impone a los funcionarios públicos, una vez cesan sus funciones, una veda de un (1) año para asumir la representación de persona privada en la que existan intereses del ámbito que estuvo bajo su autoridad.

profesional y dentro del marco legal correspondiente. No obstante, la prudencia indica que aunque no existe un conflicto de intereses directo como tal, ya que él no tiene vínculo alguno con la investigación de los casos en que comparece como abogado de defensa —y éstos no son presentados por la OFEI— sí existe un aparente conflicto de intereses al representar a un acusado por delitos de corrupción gubernamental, el cual debe ser resuelto con rigurosidad en su contra. *In re Valentín González*, 115 D.P.R. 68, 73 (1984).

La apariencia de conflicto de intereses que se proyecta al estar representando a un acusado por corrupción gubernamental —y en otros casos de similar naturaleza, comparecer como FEI representando los intereses del Estado— puede dar una apariencia que macule y socave la confianza del pueblo en la institución del FEI, todo ello en contravención con la política pública esbozada en la Ley Núm. 2, *supra*, e incluso con lo que se dispone en la cláusula sobre conflicto de intereses del contrato profesional del FEI que expresa que el que se designe como tal no debe aceptar ningún asunto profesional que afecte "[n]egativamente la imagen del Panel o del FEI". Ap., pág. 34. El Tribunal Supremo —sobre esta materia de conducta profesional— ha ido aun más lejos al disponer que en casos en los cuales la ley o la reglamentación no prohíba una actuación o intervención de un abogado, el buen juicio aconseja que éste, para evitar aun la apariencia de conducta impropia o de conflicto de intereses, se abstenga de intervenir en ellos. *In re Carreras Rovira y Suárez Zayas*, 115 D.P.R. 778, 785 (1984).

## VI

Por las anteriores consideraciones, concluimos que el tribunal de instancia resolvió correctamente al descalificar al Lcdo. Efraín Meléndez Rodríguez como representante

legal del acusado al hacer un balance de intereses a favor de la protección de la imagen y confianza pública que merece la institución del FEI, y hacemos nuestras las palabras pronunciadas por nuestro más alto Foro en circunstancias de aparente conflicto de intereses en *B. & L., Inc. v. P.R. Cast. Steel Corp.*, 114 D.P.R. 808, 812 (1983):

> El abogado debe evadir situaciones de aparente conducta irregular de las que sólo Dios y su consciencia sean testigos. Es aquí en la Tierra donde ha de mantener su toga limpia aun ante la limitada sabiduría de sus juzgadores, y por encima de la suspicacia de sus detractores.

*Se deniega expedir el auto de "certiorari" solicitado.*

*Notifíquese por teléfono, por facsímil y por la vía ordinaria.*

Lo acordó el Tribunal y lo certifica la Secretaria General.

(*Fdo.*) María de la C. González Cruz
*Secretaria General*