*In re* GILBERTO CONCEPCIÓN SUÁREZ.

*Número:* MC-81-14     *Resuelto:* 30 de junio de 1981

*Ricardo Rechani Acevedo,* abogado del querellante; *Luis F. Camacho, José A. Bravo Abreu* y *S. L. Lagarde Garcés,* abogados del querellado.

PER CURIAM:   El querellante Efraín Berríos Torres se

queja de que el abogado Gilberto Concepción Suárez ha incurrido en conducta antiética al representar a la esposa del primero en el pleito de divorcio instado por ella contra el querellante, a pesar de que el licenciado Concepción Suárez ha representado al querellante desde el 1972 hasta el 1977, y aún más por haber gozado además de su amistad íntima. Alega que al depositar su confianza en el abogado Concepción Suárez, éste "conoce sus virtudes, debilidades y secretos" que emanan de la relación privilegiada de cliente y abogado. Añade en sus alegaciones que durante el tiempo de esa relación existía la sociedad de gananciales constituida entre el querellante y su esposa, ahora representada por el abogado Concepción Suárez.

La queja originalmente presentada por el querellante no contenía súplica específica alguna excepto la solicitud de los pronunciamientos que fueren de rigor. Pocos días después presentó una moción en auxilio de nuestra jurisdicción en la que nos pide una orden dirigida al abogado Concepción Suárez para que "cese y desista de representar, asesorar, influir o participar de manera alguna en el referido caso de divorcio". Luego, en moción posterior el querellante nos pidió la paralización de los procedimientos del caso de divorcio hasta que hiciéramos una determinación sobre los méritos de su queja.

En vista de las alegaciones contenidas en la querella y de la documentación adjunta emitimos la siguiente resolución:

Examinada la queja presentada por Efraín Berríos Torres, a través de su abogado Ricardo Rechani Acevedo, contra el abogado Gilberto Concepción Suárez y su moción en auxilio de nuestra jurisdicción, el Tribunal estima necesario oír al referido abogado en relación con el contenido de dicha queja, para lo cual le concede hasta el 29 de mayo de 1981.

Se instruye el señor Secretario del Tribunal para que notifique al Lcdo. Concepción Suárez con copia de la queja presentada así como de la Moción en Auxilio de Jurisdicción. El mencionado abogado podrá examinar el expediente

ante nos relacionado con dicha queja el que contiene una transcripción de evidencia del caso civil #77-3648 del Tribunal de Distrito, Sala de Río Piedras.

En auxilio de nuestra jurisdicción y sin prejuzgar los méritos que pueda tener la queja en cuestión, se ordena la paralización de la vista señalada ante el Tribunal Superior, Sala de San Juan, para el día de mañana viernes 15 de mayo de 1981, en el caso civil RF-81-1230 sobre divorcio.

En contestación a la resolución citada precedentemente el abogado Concepción Suárez compareció ante nos a través de su representación legal ofreciendo su versión de las alegaciones del querellante y de su participación en el caso de divorcio aludido.

Surge de su explicación que su intervención en el caso de divorcio comienza en 18 de marzo de 1981 (cuatro años después de cesar sus relaciones profesionales con el querellante). Es entonces que radica la demanda de divorcio en representación de la esposa del querellante. Junto a la demanda presentó una "Moción de Alimentos *Pendente Lite* y de *Litis Expensas*". Nos dice el abogado Concepción Suárez que no puede alegarse que él "haya divulgado o pudiera divulgar información que pudiera afectar la resolución de las cuestiones jurídicas planteadas en el caso de divorcio y cuyo conocimiento viniere a él como consecuencia de las relaciones existentes mientras le estuviere prestando servicios profesionales [a las empresas del querellante]". Alega además que la causal de separación invocada en la demanda era de conocimiento público (por haberse alegado en un pleito anterior de divorcio desistido). Y añade, que la controversia que pudiera surgir en cuanto a los alimentos *pendente lite* había sido ya previamente litigada por las partes en un caso anterior (cuando se fijó una pensión alimenticia de $800), y que además sería dilucidada por la Sala de Relaciones de Familia del Tribunal Superior (de San Juan) a base de lo que expongan las partes bajo juramento en torno a sus ingresos y egresos.

No hay controversia respecto a la representación legal

que ostentó el abogado Concepción Suárez del querellante Efraín Berríos Torres y de las empresas con las que éste estaba relacionado desde 1972 a 1977. Esta relación profesional surge de la transcripción de evidencia del caso en cobro de honorarios de abogado que instó el abogado Concepción Suárez contra la corporación Highway Auto Sales Corporation de la cual era presidente el querellante. T.E., Civil Núm. 77-3648, Tribunal de Distrito, Sala de Río Piedras, págs. 19–22, 72–77. El propio abogado admitió que mientras representaba a Highway Auto Sales "[h]abía una confusión en la práctica entre lo que era Highway Auto Sales, lo que era Efraín Berríos su presidente, personalmente, y otras gestiones empresariales o de negocios u otras actividades del Sr. Berríos". *Id.*, pág. 19. También afirmó "[s]e hicieron transacciones de propiedades inmuebles de Efraín Berríos, se hicieron gestiones relacionadas con la posible adquisición de una estación de radio, por ejemplo. Infinidad de asuntos en los que Efraín Berríos intervenía . . .". *Id.*, págs. 19–20. Dijo el abogado Concepción Suárez además: "La consideración principal para yo ser abogado de esa empresa [Highway Auto Sales] y de los asuntos en que era abogado no tenía que ver con una iguala y muchísimo menos con una iguala de $150.00 mensuales; tenía que ver, como factor principal, la consideración de amistad que había entre Efraín Berríos y yo". *Id.*, págs. 21–22.

Se desprende además del testimonio del referido abogado que en marzo del 1977 se produjo una situación desagradable al prescindir la corporación Highway Auto Sales de sus servicios profesionales y ser desligado como tesorero de la corporación. *Id.*, págs. 72–73. Tales actuaciones, que el abogado Concepción Suárez consideró como denigrantes a su condición profesional, lo movió a declarar lo siguiente: "A mí me parecía que no debía quedar sin reparación el contratar. . . , el acto de contratar un abogado para que atendiera un pleito, bregar con ese abogado

de una forma que a mí me parecía denigrante a la condición de profesional y que eso se debía pagar. Los $2,600.00 o la cantidad que fuera, todavía en mi afecto y en mi emoción, pertenecían a mis profundas relaciones de amistad con Efraín Berríos a quien yo consideraba como si fuera parte de mi familia y a quien hubiera sido incapaz de cobrarle cinco centavos. El Sr. Berríos, después, se encargó, con gran habilidad, de provocarme un sentido distinto y la necesidad de hacer reclamo de lo que yo estimaba se me debía." *Id.*, pág. 76.

El estado de ánimo del abogado Concepción Suárez respecto al querellante puede apreciarse además del texto de la carta que dirigiera a éste en ocasión de las actuaciones antes relatadas, al expresar: "No he podido entender la situación; me ha dolido extraordinariamente y, sobre todo, resiento que un señor de apellido Materón, a quien jamás me presentaste, haya tenido, apenas llegó a tu empresa, la función de despedirme y especialmente la triste misión de separar amigos, buenos amigos de muchos años". Civil Núm. 77-3648, *supra, exhibit* II parte demandada.

■ La estrecha relación existente entre el abogado Concepción Suárez y el querellante por muchos años, a pesar de haber transcurrido cuatro años de la terminación de la relación, debe ser motivo suficiente para que dicho abogado se abstenga de representar en un pleito de divorcio a la esposa del querellante. La intimidad del trato a que nos hemos referido, tanto profesional como de amistad, supone la revelación de secretos y confidencias, que ciertamente pugna con el Canon 21 del Código de Ética Profesional que trata sobre intereses encontrados, que reza como sigue, en lo que es aquí pertinente:

El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su

consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales.

No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.

La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueben. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste.

■ Específicamente el citado canon prohíbe a un abogado el aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, *aun cuando ambos clientes así lo aprueben.*

■ No puede un abogado aducir como justificación para evadir el conflicto el que no habrá de utilizar las confidencias o secretos de un cliente en perjuicio de éste, pues el abogado "debe evitar hasta la apariencia de conducta profesional impropia". Véase Canon 38 del Código de Ética Profesional.

Un examen de la demanda de divorcio y de la moción sobre alimentos presentada en este caso revela ciertas alegaciones que requerirán prueba sobre la capacidad económica del demandado. Cualquier abogado que asuma la representación legal de la demandante tiene a su disposición todos los medios de descubrimiento de prueba que proporcionan

las Reglas de Procedimiento Civil. Pero un abogado a quien se le haya confiado información confidencial o secreta por un cliente anterior mientras le sirvió como abogado, se coloca en una posición muy delicada para representar debidamente a uno que reclama de aquél. Salta a la vista que la pensión fijada al demandado en el pleito anterior radicado fue de $800. Ahora se reclaman $3,000 en la demanda, haciéndose la alegación en la moción de alimentos que el demandado tiene amplios ingresos que le permiten satisfacer todas sus obligaciones holgadamente. Los intereses encontrados o, al menos, la posibilidad de que los haya, son evidentes.

*En mérito de lo expuesto precedentemente, se requiere al abogado Gilberto Concepción Suárez que renuncie la representación que ostenta de la demandante Nilda Negrón Arbona en el caso Civil RF-81-1230 sobre divorcio por violar dicha representación el Canon 21 del Código de Ética Profesional que rige la conducta de los abogados.*

El Juez Presidente Señor Trías Monge y los Jueces Asociados Señores Rigau y Torres Rigual no intervinieron.