*In re* LIC. OSVALDINO ROJAS LUGO, querellado.

*Número:* MC-83-11        *Resuelto:* 21 de octubre de 1983

*Miguel Pagán, Procurador General Interino,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Rodolfo Cruz Contreras,* abogado del querellado; *Osvaldino Rojas Lugo, pro se.*

PER CURIAM: En el caso de autos se presentaron varias quejas ante este Tribunal contra el Lic. Osvaldino Rojas Lugo. Mediante resolución fechada 6 de mayo de 1982 trasladamos al Procurador General copia de los expedientes para que investigara la conducta del querellado y nos informara sobre dichas quejas a la brevedad posible, conforme lo dispuesto por la Regla 13(d)(3) del Reglamento del Tribunal Supremo.([1]) El Procurador General nos rindió su informe el 8 de marzo de 1983 en el que concluyó que la evidencia sobre la alegada conducta profesional antiética del querellado no era suficiente para imponerle sanciones. Hemos examinado los expedientes y la exposición del Procurador General y coincidimos con su conclusión.

Sin embargo, como parte de los documentos enviados al

---

([1]) Dispone:

"(d) El Tribunal podrá, según lo ameriten las circunstancias del caso: (1) ordenar el archivo y sobreseimiento de la queja; (2) requerir al abogado o juez concernido que conteste las alegaciones de la queja; (3) ordenar que se lleve a cabo una investigación del asunto por el Procurador General o la Administración de los Tribunales, si la misma no se hubiere efectuado todavía. . . ."

Procurador General le referimos el asunto Q-375-A. En el mismo emitimos la siguiente resolución:

POR CUANTO: Conforme la petición de revisión O-77-35 (*María del C. Quiles Flores* v. *Comisión Industrial de Puerto Rico*) aparece como abogado de la recurrente el Lic. Osvaldino Rojas Lugo;

POR CUANTO: El ejercicio de la profesión de abogado ante el Fondo del Seguro del Estado y la Comisión Industrial, ocupando [*sic*] simultáneamente el cargo de Presidente de la organización que representa los intereses de sus empleados, de su faz presenta un aparente conflicto de naturaleza ética;

POR TANTO: Se ordena al Lic. Osvaldino Rojas Lugo que dentro del término de 15 días comparezca por escrito ante este Tribunal, e informe si continúa ocupando el cargo de Presidente de la Unión u otro puesto directivo, y la naturaleza de la postulación y número de casos ante el Fondo del Seguro del Estado y la Comisión Industrial y cualquier otra información que estime pertinente.

En respuesta a dicha resolución el querellado informó que continúa ocupando el cargo de Presidente de la Hermandad Unión de Empleados del Fondo del Seguro del Estado; que ejerce la profesión de abogado ante la Comisión Industrial mediante la presentación de un recurso de apelación cuando el empleado lesionado está inconforme con la decisión del Administrador del Fondo del Seguro del Estado y lo representa en todas las etapas del proceso ante dicho organismo; que ninguno de los funcionarios que interviene en el proceso de vistas públicas en la Comisión Industrial —médicos, comisionados o examinadores— ya sea fijando las incapacidades de los obreros o adjudicando las controversias, tiene relación alguna con la unión; que no postula ante el Fondo, sino que sus gestiones ante ese organismo son secuelas de sus actuaciones ante la Comisión Industrial consistentes en solicitar al Administrador del Fondo que cumpla con las órdenes de la Comisión.

El Procurador General rechazó la afirmación del querellado de que él no postulaba en el Fondo, ya que las gestio-

nes que él realiza en la Comisión así lo exigen. Por otro lado, aun cuando es cierto que ni los médicos, comisionados o examinadores son unionados, en el proceso decisional intervienen otras personas que son miembros de la unión. (2)

Ciertamente existe un conflicto de intereses entre el ejercicio de la profesión de abogado ante el Fondo del Seguro del Estado y la Comisión Industrial y ocupar el cargo de presidente de la referida unión. Al respecto preceptúa el Canon 21 de Ética Profesional:

> No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.

■ Debe recordarse que la apariencia de impropiedad puede ser muy lesiva al respeto de la ciudadanía por sus instituciones de justicia y por la confianza que los clientes depositan en sus abogados. Es por eso que los abogados deben asegurarse de que su conducta no ha sido influida por intereses encontrados. Véase, R. Aronson, *Conflict of Interest*, 52 Wash. L. Rev. 807, 810 (1977).

■ Hemos señalado que "[e]l abogado debe ser escrupuloso en la obediencia de las normas de conducta que rigen la profesión" y "[e]n el descargo de sus responsabilidades profesionales, debe cuidarse de que sus actuaciones no den margen a la más leve sospecha de que defiende intereses encontrados con los de su cliente". *In re Roldán González,*

---

(2) Un ejemplo de ello surge de la queja del Lic. Víctor G. Colón Hernández. Allí se señala que en un càso de un obrero representado por el querellado, testificó una investigadora del Fondo que era miembro de la unión, sobre una declaración que le prestó el lesionado. Éste, a su vez, declaró hechos completamente opuestos a lo que ella testificó y alegó que la investigadora había tomado mal sus notas. El licenciado Colón Hernández expresa que el querellado tiene que defender al obrero, pero en perjuicio de una de sus unionadas, pues tiene que atacar la declaración que ella tomó. Según el Procurador General, se le planteó a la Comisión Industrial el problema de si existía un conflicto de intereses y ésta decidió no considerarlo por entender que formaba parte del asunto Q-375-A.

113 D.P.R. 238, 242–243 (1982). Es deber del abogado "evitar hasta la apariencia de conducta profesional impropia". Véase, Canon 38 del *Código de Ética Profesional; In re Concepción Suárez*, 111 D.P.R. 486, 491 (1981).

■ Resolvemos que es impermisible que el querellado participe como abogado de los obreros, impugnando decisiones del Administrador del Fondo ante la Comisión Industrial y en casos ante el Fondo, pues intervienen empleados del Fondo que son miembros de la unión que preside. Su cargo de presidente puede dar la apariencia de que está en posición de influir en los unionados en los casos en que interviene como abogado. Son evidentes los intereses encontrados o, por lo menos, la apariencia de ello.

En mérito de lo antes expuesto, *se dictará sentencia en la que se ordene al Lic. Osvaldino Rojas Lugo que, mientras ocupe el cargo de Presidente de la Hermandad Unión de Empleados del Fondo del Seguro del Estado, se abstenga de representar a obreros lesionados como abogado en sus casos ante el Fondo del Seguro del Estado y ante la Comisión Industrial. Además, deberá renunciar a la representación legal de todos los casos que al presente tiene ante dichos foros.*

El Juez Asociado Señor Negrón García se inhibió.