*In re* DINA ORLANDO ROURA.

*Número:* MC-86-16 *Resuelto:* 13 de mayo de 1987

*Rafael Ortiz Carrión, Procurador General* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Dina Orlando Roura, pro se.*

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El Procurador General sometió un informe con relación a la conducta profesional de la Lcda. Dina Orlando Roura originado en una queja promovida por el Sr. José Guillermo Santos. Aduce que ella incurrió en conflicto de intereses — Canon 21 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX— al asumir la representación de la Sra. Anicia I. Pimentel, ex esposa del señor Santos, en una acción posterior sobre liquidación de bienes gananciales, aun cuando antes había representado a ambos cónyuges en un trámite de divorcio por consentimiento mutuo.

Concedimos término a la licenciada Orlando Roura para que compareciera a mostrar causa por la cual no debería ser disciplinada. Su comparecencia, unida al conocimiento judicial de hechos resultantes del examen de los casos concernidos, nos permite esclarecer el trasfondo fáctico y dilucidar prontamente el asunto.

## II

Su génesis se retrotrae en la acción de divorcio por consentimiento, suscrita y presentada por la licenciada Orlando Roura (Civil Núm. 83-2709) el 21 de diciembre de 1983. Debido a una discrepancia insalvable motivada en el interés del señor Santos sobre una de las propiedades, la acción fue archivada por desistimiento el 7 de marzo de 1984. El 15 de marzo de 1984, las partes se divorciaron por la causal de trato cruel (RF-84-216). Esta demanda también había sido suscrita por la licenciada Orlando Roura

a nombre de la señora Pimentel. Durante la vista en su fondo de este proceso, la Juez de instancia que presidía, Hon. Ana Delia Sánchez, aconsejó a la licenciada Orlando Roura que debía retirarse del caso. Quedó relevada de representar a la demandante, señora Pimentel. La prueba fue desfilada por el abogado Ángel De Jesús Sepúlveda.

Así las cosas, el 4 de mayo de 1984, la señora Pimentel presentó acción civil sobre liquidación de bienes gananciales (Civil Núm. 84-1059). Otra vez la representaba la licenciada Orlando Roura.

La posición del Procurador General es que la abogada Orlando Roura violó el Canon 21 de Ética Profesional, *supra*, al representar a dos clientes que tenían intereses encontrados. Sostiene que "para la preparación y redacción del documento de Petición [de divorcio por consentimiento mutuo] por la abogada querellada, ésta tenía que haber obtenido información de uno u otro cónyuge. Si comparamos la Petición (*Exhibit* I) con la Demanda de Liquidación de Bienes Gananciales (*Exhibit* III) confirmamos que se enumeran las mismas propiedades, diferenciándose y añadiéndose sólo información adicional sobre las deudas existentes, sobre las cuales ambas partes discrepaban luego". Informe del Procurador General, pág. 30.

Por su parte, la licenciada Orlando Roura alega que el único contacto que tuvo con el señor Santos fue efímero, "instantes cuando acudió a firmar los documentos" de estipulación que ella redactó según la información suplida por la señora Pimentel. Expone que "nunca discutimos sobre el valor de los bienes ni sobre deudas u otros extremos que tuvieran el más leve tinte de carácter confidencial". Finalmente afirma que "no se entró en detalles sobre valor, deudas u otros extremos y s[ó]lo se hizo una alegación en el sentido de que los bienes se dividirían por partes iguales, tal como procede en derecho para todos los casos". A juicio suyo, ante estas circunstancias, no son aplicables las normas

jurisprudenciales interpretativas del Canon 21 de Ética Profesional.

## III

Coincidimos con la apreciación de que la demanda de divorcio por consentimiento mutuo, en contraste con la posterior sobre liquidación, sólo contiene alegaciones generales. No detalla ni especifica valores y deudas. Sin embargo, esa realidad no supera el conflicto.

En *Figueroa Ferrer* v. *E.L.A.*, 107 D.P.R. 250 (1978), reconocimos la causal de divorcio por consentimiento mutuo, cimentado en el derecho constitucional a la intimidad, cuyo procesamiento presenta características distintas al de los divorcios por las causales estatutarias. Por imperativo lógico de ese pronunciamiento no hay partes adversas. Su trámite es de naturaleza *ex parte*. Se prescinde de los requisitos procesales de emplazamiento y diligenciamiento de la demanda. I. Picó Vidal, *Divorcio por consentimiento mutuo: su tramitación en los tribunales*, Río Piedras, Ed. Cen. Inv. Soc., U.P.R., 1986, pág. 27. Con el objetivo de que la disolución mutuamente acordada no sea "producto de la irreflexión o de la coacción, ... no se aceptará petición alguna de divorcio bajo los principios enunciados sin que las partes adjunten las estipulaciones correspondientes sobre la división de sus bienes, el sustento de las partes y otras consecuencias del divorcio". *Figueroa Ferrer* v. *E.L.A.*, supra, págs. 276–277. Es pues evidente que la dinámica e intervención dual de abogado-cónyuges-clientes genera, en la dimensión ética, un potencial de conflictos, en situaciones posteriores, al abogado que los ha representado a ambos. Picó Vidal, *op. cit.*, págs. 37–38. "Los intereses encontrados o, al menos, la posibilidad de que los haya, son evidentes." *In re Concepción Suárez*, 111 D.P.R. 486, 492 (1981).

■ En su mínima expresión, la naturaleza de las conversaciones y confidencias de los cónyuges que presupone este trámite —de surgir después cualesquiera controversias adicionales entre ambos, e independientemente de que se haya culminado o no el divorcio— obliga a que ese abogado se abstenga de representar a cualesquiera de ellos. "[U]na vez obtenido el divorcio por esta causal, el abogado de los peticionarios está impedido de representar uno frente a otro cuando se incumpliese alguna de las obligaciones. ... [T]ambién estaría vedada la práctica de enmendar una petición de consentimiento mutuo por una de las causales tradicionales y obtener sentencia de divorcio por ellas porque uno de los peticionarios luego repudiare alguna de las estipulaciones pre-acordadas. . . ." C. Torres, *Ética y la causal de divorcio por consentimiento mutuo*, I Programa Práctica Compensada, julio 1985, pág. 6. No hacerlo significa una violación al Canon 21 de Ética Profesional que aspira a "prevenir cualquier tipo de dilución a la fidelidad que debe a su cliente". *In re Carreras Rovira y Suárez Zayas*, 115 D.P.R. 778, 789 (1984). El principio de confidencialidad se ve conculcado de admitirse tal representación, aun concluida la relación profesional. *In re Guzmán*, 80 D.P.R. 713, 724 (1958).

■ En nuestra indeclinable función de inyectarle contenido a los valores éticos que acompañan el ejercicio de la profesión de abogado —*In re Vélez*, 103 D.P.R. 590, 597 (1975)— resolvemos que bajo el Canon 21 de Ética Profesional existe una insalvable incompatibilidad en que un abogado, que ha representado a ambas partes en un pleito de divorcio por consentimiento mutuo, intervenga y participe en esa condición en cualquier litigio posterior relacionado, directa o indirectamente, con las cuestiones objeto de dicho divorcio por consentimiento. Sin que sea limitativa, esta prohibición comprende asuntos de pensiones

alimenticias, bienes gananciales, patria potestad, custodia de menores y otras consecuencias del divorcio.

 Lo expuesto no implica que un solo abogado no puede representar lícitamente a unos cónyuges en una acción bajo la causal de consentimiento mutuo, siempre y cuando de las conversaciones privadas con éstos, juntos o separados, no surjan diferencias irreconciliables de criterio. La ausencia de esas diferencias quedará plasmada en las estipulaciones que son menester acompañar con la presentación de la demanda. De no concretarse el acuerdo, está impedido de representar subsiguientemente a cualquiera de ellos. Repetimos, por la naturaleza circunstancial y procesal de esa gestión, tal intervención le impide que subsiguientemente represente a cualesquiera de esos cónyuges en acciones directas o indirectas relacionadas con el divorcio por consentimiento mutuo. Los miembros de la profesión de abogado afectados honrarán inmediatamente este postulado ético. Los tribunales de instancia adoptarán las medidas cautelosas necesarias para su fiel observancia en aquellas causas pendientes y futuras.

## IV

La licenciada Orlando Roura representó a los esposos Santos-Pimentel en la demanda de divorcio por consentimiento mutuo. La acción fue archivada por desistimiento debido a discrepancias de uno de los cónyuges respecto a una de las propiedades. Posteriormente formuló y presentó demanda por la causal de trato cruel. A sugerencia de la juez que intervino fue relevada y otro abogado desfiló la prueba. Aun así, después presentó la acción sobre liquidación de bienes gananciales.

El conflicto ético existió y existe. El llamado de abstención de la juez en el incidente de la vista en su fondo del divorcio sobre trato cruel debió alertarla. La prudencia

era el camino seguro. No lo hizo. Procede pues, la imposición de sanciones disciplinarias. En consideración a que con anterioridad no nos habíamos pronunciado al respecto, y de que su conducta estuvo motivada por el juicio erróneo de que su papel como abogada en la acción de consentimiento desistida había sido limitado, *circunscribimos la sanción a una censura y amonestación. Deberá renunciar de inmediato a la representación que ostenta de la señora Pimentel en el caso Núm. 84-1059.*

*Se dictará la correspondiente sentencia.*

El Juez Presidente Señor Pons Núñez disiente sólo en cuanto a la imposición de las sanciones disciplinarias por estimar que en la situación fáctica, son improcedentes. El Juez Asociado Señor Alonso Alonso estima que si bien las sanciones normalmente procederían, en consideración a que antes el Tribunal no se había pronunciado al respecto, limitaría el ejercicio de la jurisdicción disciplinaria a la renuncia de la representación del caso Núm. 84-1059.