CP-95-10                                                        - 1 -

En el Tribunal Supremo de Puerto Rico

| In re:               | Querella     |
|----------------------|--------------|
| Roberto Palou Bosch  | 99 TSPR 122  |

Número del Caso: CP-1995-0010

Oficina del Procurador General:     Lcda. Edda Serrano Blasini,
                                    Subprocuradora General
                                    Lcda. Ivonne Casanova Pelosi
                                    Procuradora General Auxiliar

Abogados de la Parte Querellada:    Lcda. Edmee Vincenty
                                    Lcdo. Arturo Negrón García

Fecha: 6/30/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Palou Bosch

CP-95-10

**PER CURIAM**

San Juan, Puerto Rico a 30 de junio de 1999.

La Oficina del Procurador General formuló una querella contra el licenciado Robert Palou Bosch por violación del Canon 21 de Etica Profesional. En ella le imputó haber actuado de forma contraria a "la obligación que le impone dicho Canon a todo abogado de no representar intereses encontrados y de [no] abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones con otro cliente". Examinada la querella, le concedimos término al licenciado Palou Bosch para que nos expresara su posición en torno a las imputaciones hechas en su

contra. Así lo hizo. Evaluados los escritos de las partes, designamos como Comisionado Especial al Hon. Enrique Rivera Santana, Ex-Juez Superior, con la encomienda de recibir prueba y formular determinaciones de hecho.

Luego de examinar el Informe del Comisionado Especial, así como los escritos presentados por las partes, resolvemos.

## I.

Del Informe sometido por el Comisionado Especial surge que el Lcdo. Palou Bosch, en representación de Fernando Alvarez Tabio y otros, presentó en mayo de 1992 una acción civil en el extinto Tribunal Superior de Mayagüez contra varios demandados, entre los cuales se incluía John Politis, h/n/c Shopping Center Group.[1] En la demanda, en esencia, imputó a los demandados haber incurrido en una violación contractual, por lo cual solicitó al foro de instancia la resolución del contrato que alegadamente fue incumplido y el pago de una indemnización en concepto de daños y perjuicios.

Con la presentación de la demanda, el licenciado Palou Bosch solicitó al tribunal la emisión de varias órdenes para garantizar la ejecución de la sentencia que en su día podría emitir ese foro. De conformidad con la solicitud, el foro de instancia emitió dos órdenes. Una de ellas iba dirigida a la licenciada María Otilia Lasalle, para que se abstuviera de

---

[1] Fernando Alvarez Tabio, et als. v. John Politis h/n/c Shopping Center Group, Inc., y otros, Civil Número CS-92-473.

disponer, transferir o gravar unos fondos ascendentes a la suma de $50,000.00, depositados en una cuenta plica de la cual era agente y custodia.

En junio de 1992, el juez de instancia que presidía los procedimientos se inhibió. No obstante, previo a ello, las partes tomaron varios acuerdos refrendados por el Tribunal, uno de los cuales estuvo relacionado a la orden preventiva dirigida a la licenciada Lasalle. Al respecto, las partes acordaron que: "los fondos en 'Escrow Account' por la cantidad de $50,000.00 que están en depósito con la Lcda. María Otilia Lasalle se entregarán a quien el tribunal determine y ordene".

Luego de varios trámites procesales, las partes sometieron al tribunal un escrito titulado "Moción Solicitando Desestimación con Perjuicio por Transacción" acompañado por un acuerdo de transacción suscrito por las partes. En lo pertinente, dicho acuerdo dispuso lo siguiente:

> Las partes acuerdan que Shopping Center recobre el depósito de Cincuenta Mil Dólares ($50,000.00) que al presente se encuentra depositado en una cuenta plica ('escrow account') a cargo de la Lcda. María Otilia Lasalle con los intereses que dicho dinero hubiere devengado.

> Las partes acuerdan que el presente documento constituirá autorización suficiente a la Lcda. María O. Lasalle para la entrega inmediata del depósito de Cincuenta Mil Dólares ($50,000) e intereses a Shopping Center cuya entrega se realizará no más tarde de cuarenta y ocho (48) horas a partir de la [firma] del presente acuerdo.

> La Lcda. Lasalle podrá retener en concepto de compensación por los gastos relacionados con su

gestión como fiduciario la cantidad de Dos Mil Dólares ($2,000) de los intereses acumulados por el dinero depositado.

Como puede apreciarse, como parte de los acuerdos llegados entre las partes para transar el pleito se dispuso que la licenciada Lasalle entregaría el dinero del cual era custodia a la codemandada Shopping Center Group. En virtud de este acuerdo, el 14 de febrero de 1994, es decir, el mismo día en que las partes someten el acuerdo de transacción a la consideración del Tribunal, el foro de instancia decretó el archivo y sobreseimiento con perjuicio de la reclamación.

De los autos del caso no surge si el tribunal de instancia expidió alguna orden a la licenciada Lasalle para dar cumplimiento a lo dispuesto en el acuerdo de transacción. Sin embargo, el 14 de marzo de 1994, transcurrido un mes desde que el foro de instancia emitiera la sentencia de archivo con perjuicio, Shopping Center Group presentó una moción en el tribunal de instancia de Mayagüez en la que solicitó que ese foro ordenara la entrega inmediata del dinero, o que, en la alternativa, de no ser entregado, la sentencia fuera dejada sin efecto. Copia de esta moción fue remitida al licenciado Palou Bosch.

Sin embargo, el 3 de marzo de 1994, es decir, antes de la presentación de esta moción en el tribunal, el licenciado Palou Bosch, como abogado de Luis M. Carrillo Jr. & Asociado, había presentado una demanda independiente en cobro de dinero en el Tribunal de Distrito, Sala de San

Juan, en la cual Shopping Center Group, Inc., figuraba como demandado.[2] De este modo, el licenciado Palou Bosch figuraba como abogado de dos clientes distintos en dos procedimientos en los que Shopping Center Group figuraba como demandado, en uno de los cuales se había suscrito el acuerdo de transacción antes mencionado.

Así las cosas, el licenciado Palou Bosch, ahora como abogado de Carrasquillo Jr. & Asociado, solicitó una orden de embargo preventivo contra el dinero custodiado por la licenciada Lasalle y que formaba parte del acuerdo de transacción en el pleito en el que representaba a Alvarez Tabio. El foro de instancia emitió la Orden y Mandamiento de Embargo solicitada, por lo que el 14 de marzo de 1994, se procedió a diligenciar el embargo de la suma de $49,908.80 del dinero en la cuenta custodiada por la licenciada Lasalle.

El 18 de marzo de 1994 la licenciada Lasalle procedió a cancelar el Certificado de Ahorro que servía de instrumento a la cuenta plica. A la fecha de la solicitud del embargo, la Sentencia emitida en la que se adoptaba el Acuerdo de Transacción efectuado entre las partes en el primer caso había advenido final y firme.

Según surge de los autos, el licenciado Palou no notificó a la representación legal de Shopping Center Group sobre el embargo que estaba gestionando. Luego de realizado,

---

[2] Luis M. Carrillo Jr. & Asociado v. Shopping Center Group, Inc., Civil Número 94-2507.

sin embargo, Shopping Center Group acudió al tribunal de instancia de Mayagüez y solicitó la realización de una vista. Luego de ella, dicho foro dejó sin efecto la sentencia de archivo al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II R. 49.2, por entender que era imposible cumplir con la transacción convenida entre las partes debido a "las gestiones del Lcdo. Palou".[3]

Así las cosas, la Oficina del Procurador General formuló contra el licenciado Palou Bosch la querella que nos ocupa. Luego de concedérsele una prórroga, el licenciado Palou Bosch compareció ante nos. En esencia, alegó que las gestiones para poner en vigor el acuerdo de transacción, y por ende, para obtener el pago del dinero objeto de la transacción, le correspondía hacerlas a los abogados de Shopping Center Group. Asegura que lo que determinó que el dinero fuese objeto de embargo por un tercero lo fue "la falta de diligencia y prontitud para retirar el dinero depositado en la cuenta plica", Contestación a la querella, a la pág. 4, y el hecho de que la licenciada Lasalle no se opuso al embargo. Por último, destaca que su actuación descansó en un sano error de juicio al interpretar cuales eran las obligaciones de las partes. Id., a la pág. 6.

---

[3] Esta actuación motivó la presentación de un recurso de certiorari ante nos, el cual fue declarado No Ha Lugar por esta Curia. En esa ocasión los Jueces Asociados Rebollo López, Fuster Berlingeri y la Juez Asociada Naveira de Rodón hubiesen expedido el recurso por entender que no procedía el uso de la Regla 49.2 en ese contexto.

## II.

El Canon 21 de Etica Profesional dispone, en lo pertinente, que:

> El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. [...].
>
> **No es propio de un profesional** [...] **representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.**
>
> [...].
>
> **Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior** [...]. Canon 21 de Etica Profesional; 4 L.P.R.A. Ap. IX C. 21, (énfasis suplido).

Este Canon está dirigido a evitar el conflicto que surge cuando los abogados representan intereses encontrados o incompatibles. In re: Pizarro Santiago, 117 D.P.R. 197 (1986); véase, Puerto Rico Fuels, Inc. v. Empire Gas Company, Inc., res. el 14 de abril de 1993, 133 D.P.R.___ (1993). Contempla, esencialmente, tres situaciones particulares que deben ser evitadas por los abogados para no incurrir en la conducta proscrita: (1) representar a un cliente cuando para beneficiarlo es preciso abogar por algo que el abogado debe oponerse al cumplir sus funciones con otro cliente; (2) aceptar a un cliente para representarlo en asuntos que pueden afectar adversamente cualquier interés de

un cliente anterior; y (3) representar a un cliente cuando su juicio profesional puede ser afectado por intereses personales. In re: Toro Cubergé, res. el 2 de abril de 1996, 140 D.P.R.___ (1996).

En cuanto a las primeras dos situaciones contempladas, hemos señalado que "el abogado no sólo está impedido en general de representar intereses encontrados, sino que, además, específicamente se le prohibe divulgar secretos o confidencias de algún cliente suyo". Id; In re: Carreras Rovira y Suárez Zayas, 115 D.P.R. 778 (1984). Así, la divulgación de información confidencial obtenida por el abogado como parte de su relación abogado-cliente constituye una violación particular del Canon 21.

La tercera situación contemplada, por su parte, pretende evitar que el abogado acepte la representación de un cliente cuando ello pudiera ser incompatible con algún interés personal. De este modo, se busca preservar una completa lealtad del abogado hacia su cliente, libre de ataduras personales. In re: Toro Cubergé, supra.

Dentro de los parámetros del Canon 21 de Etica Profesional, cobra particular importancia el deber de los miembros de la profesión togada de evitar la apariencia de impropiedad en el desempeño de sus funciones profesionales. Canon 38 de Etica Profesional, 4 L.P.R.A. Ap. IX C. 38. Hemos sido enfáticos al expresar que en situaciones en las que exista dudas sobre la existencia de un conflicto de intereses, o que incluso el conflicto de intereses sea

potencial, el abogado está obligado a renunciar a la representación legal del cliente afectado. In re: Toro Cubergé, supra; In re Belén Trujillo, 126 D.P.R. 743 (1990); In re: Carreras Rovira y Suárez Zayas, supra; Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172 (1985); In re: Valentín González, 115 D.P.R. 68 (1984). De este modo, se garantiza la más completa independencia de juicio por parte de los abogados al desempeñar sus funciones profesionales y se evita que se erosione la confianza pública en las instituciones de justicia.

Con lo anterior en mente, examinemos los hechos que motivaron la presente querella.

### III.

En el caso de autos, el licenciado Palou Bosch, en representación de un cliente, llegó a un acuerdo de transacción con la parte demandada mediante el cual, el co-demandado Shopping Center Group recibiría el dinero que custodiaba la licenciada Lasalle y que había sido objeto de una orden preventiva. Como consecuencia de este acuerdo de transacción, el foro de instancia ordenó el archivo del caso con perjuicio.

Posteriormente, el licenciado Palou Bosch asumió la representación legal de Carrasquillo Jr. & Asociado, en una acción contra Shopping Center Group. Como parte de los trámites en este nuevo pleito, el licenciado Palou Bosch solicitó una orden de embargo preventivo para embargar los $50,000.00 que eran custodiados por la licenciada Lasalle y

que habían sido objeto de la transacción en el otro pleito. Como consecuencia de la emisión de la orden de embargo gestionada por el licenciado Palou Bosch y del eventual embargo de los fondos, el foro de instancia decretó el relevo de la sentencia de archivo y ordenó la continuación de los procedimientos.

Al asumir la representación legal de Carrasquillo Jr. & Asociado contra Shopping Center Group, el licenciado Palou Bosch sabía que, como abogado, tendría la obligación de tomar todas las medidas apropiadas para salvaguardar los intereses de ese nuevo cliente. Como parte de ese deber, y a la luz de los hechos del caso, el abogado sabía que, como hizo, debía tomar aquellas medidas provisionales necesarias para garantizar la ejecución de la sentencia que en su día pudiera emitir el foro de instancia.

Al determinar que procedía solicitar una orden preventiva de embargo, y dirigirla contra los fondos de la cuenta plica que había sido objeto de un acuerdo de transacción en un pleito anterior, el licenciado Palou debió examinar el posible perjuicio que ello podría ocasionarle a su previo cliente, toda vez que ese acuerdo había puesto fin al pleito anterior contra Shopping Center Group. El licenciado Palou sabía que las medidas tomadas como parte de la tramitación del nuevo pleito contra Shopping Center no podían perjudicar los intereses de su anterior cliente.

Como defensa del cargo imputado en su contra, Palou Bosch nos indica que la protección de los fondos adjudicados

en el acuerdo de transacción le correspondía a la representación legal de Shopping Center Group. Sus fundamentos no nos convencen.

Si bien es cierto que la representación legal de Shopping Center Group tenía un deber de diligencia hacia su cliente, el licenciado Palou Bosch también tenía un deber de diligencia y fidelidad hacia su entonces cliente Alvarez Tabio. Ese deber de lealtad que consagra el Canon 21 le impedía que realizara alguna gestión al representar otro cliente que pudiera afectar a su representado en el primer pleito. Incluso, por imperativo del Canon 38, tenía el deber de omitir realizar gestiones a favor de otro cliente que incluso pudiera originar una apariencia de impropiedad al desempeñar sus funciones profesionales. En el caso de autos, las gestiones específicas que tomó el licenciado Lasalle tuvieron como consecuencia la reapertura de un pleito que su previo cliente estimaba finalizado.

**IV.**

En el pasado hemos destacado que la violación del Canon 21 de Etica Profesional conlleva la imposición de sanciones severas al abogado. In re: Peña Clos, res. el 29 de marzo de 1994, 135 D.P.R ___ (1994). Sin embargo, hemos moderado las sanciones impuestas ante violaciones a este Canon cuando los hechos configuran una situación novel que no había sido objeto de atención por este Foro, In re: Toro Cubergé, supra; In re: Orlando Roura, 119 D.P.R. 1 (1987); o cuando ha transcurrido mucho tiempo desde los hechos que originan

la querella, In re Peña Clos, supra. Incluso, hemos limitado nuestra intervención disciplinaria a requerirle al abogado querellado que se abstenga de continuar con la representación de alguno de los clientes involucrados en el conflicto ético ante circunstancias en que en el conflicto no ha generado daños a las partes. In re: Rojas Lugo, 114 D.P.R. 687 (1983).

En el presente caso, no podemos abstraernos del hecho de que la conducta del licenciado Palou Bosch ha tenido como consecuencia la reapertura del caso en el que representó a Alvarez Tabio. Ello, de por sí, representa molestias y gastos económicos para esa parte la cual como resultado de la conducta de su abogado tendrá que continuar con un pleito que estimaba finalizado. Asimismo, resulta claro que el licenciado Palou Bosch se valió del conocimiento de primera mano que tenía en torno a la existencia de la cuenta plica. Ello ocurrió con el aparente desconocimiento de Alvarez Tabio, su primer cliente, lo que incluso podría estar reñido con el Canon 19 de Etica Profesional. 4 L.P.R.A. Ap. IX C. 19.

Por ello, procede que decretemos la suspensión del licenciado Palou Bosch del ejercicio de la abogacía por el término de un mes a partir de la fecha de que ésta advenga final y firme, y ordenemos que devuelva a Alvarez Tabio los honorarios que recibió por la tramitación del caso cuya finalidad por sentencia fue socavada con sus actuaciones. Apercibimos, además, al licenciado Palou Bosch de que en el

futuro deberá ejercer mayor cautela al evaluar situaciones que podrían generar una situación conflictiva o que incluso pudieran generar una apariencia de impropiedad.

Se emitirá la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto Palou Bosch

CP-95-10

**SENTENCIA**

In re:

Roberto Palou Bosch

San Juan, Puerto Rico a 30 de junio de 1999.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se suspende al Lcdo. Roberto Palou Bosch del ejercicio de la abogacía por el término de un mes a partir de la fecha en que ésta advenga final y firme. Se ordena al Alguacil del Tribunal Supremo que proceda a incautarse de la obra y sello notarial del licenciado Palou Bosch para ser entregada a la Directora de Inspección de Notarías para el informe correspondiente. Se le instruye, además, al licenciado Palou Bosch a que devuelva los honorarios de abogados recibidos en la tramitación del pleito, Fernando Alvarez Tabio, et als. v. John Politis h/n/c Shopping Center Group, Inc. y otros, Civil Núm. CS-92-473.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Naveira de Rodón disiente sin opinión escrita. El Juez Presidente señor Andréu García no interviene. El Juez Asociado señor Negrón García inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo