per curiam:
El Ledo. Antonio Bauzá Torres (licenciado Bauzá Torres) fue admitido al ejercicio de la abogacía el 5 de marzo de 1963 y al ejercicio del notariado el 21 de mayo de 1963.
El 14 de julio de 2004, el Honorable Eddie A. Ríos Benitez, Juez del Tribunal de Primera Instancia, Sala Superior de San Juan, remitió ante nuestra consideración el expediente de un caso del cual se deduce una aparente infracción a los cánones del Código de Ética Profesional de parte del licenciado Bauzá Torres.
El 4 de octubre de 2001 la señora Gloria Pagán Delgado (señora Págan Delgado o demandante), representada por el licenciado Bauzá Torres, presentó una demanda contra los señores Tomás Crespo, Samuel Crespo, Orlando Crespo, Jaime Crespo y la señora María Tirado (los codemandados).(1) Se alegó, entre otras cosas, que la señora Pagán Delgado convivió con el fenecido padre de los codemandados, señor Tomás Crespo; que durante esa convivencia ella contribuyó en las mejoras hechas en la propiedad del causante de los demandados y solicitó que se reconociera una participación en el caudal relicto del señor Tomás Crespo, y que se dividiera la comunidad entre ésta y los herederos del causante.
El caso continuó con los trámites ordinarios. El Ledo. Francisco Radinson Pérez (licenciado Radinson Pérez) asumió la representación de los codemandados. Las partes sometieron contestación a la demanda, reconvención, contestación a la reconvención, interrogatorios, contestaciones a éstos y se anunció una toma de deposición a la parte demandante.
El 28 de octubre de 2002 se solicitó la desestimación de la demanda presentada contra el señor Samuel Crespo Pérez (señor Crespo Pérez) y el señor Tomás Crespo Tirado (señor Crespo Tirado), ya que no fueron emplazados con *897 forme a lo dispuesto en la Regla 4.3 de Procedimiento Civil.(2) Adujeron que había transcurrido el término de un año con veinticuatro días sin que se hiciera gestión para emplazarlos.
El 13 de noviembre de 2002, el señor Crespo Pérez presentó ante el Tribunal de Primera Instancia un escrito suscrito por el licenciado Bauzá Torres. En dicho escrito, el licenciado Bauzá Torres afirmó que el señor Crespo Pérez solicitó que lo representara. Presentó, además, una contestación a la demanda y demanda contra coparte, alegaciones responsivas que suscribió y firmó el licenciado Bauzá Torres, abogado de la demandante, señora Pagán Delgado.
En la contestación a la demanda se expresó, entre otras cosas, que el señor Crespo Pérez daba por ciertas las alegaciones de la demanda original y reconocía que la señora Pagán Delgado aportó con su trabajo al negocio del señor Samuel Crespo padre.
La señora Pagán Delgado, representada por el licenciado Bauzá Torres, se opuso a la desestimación solicitada el 28 de octubre de 2002. Alegó que el señor Crespo Pérez le había solicitado al licenciado Bauzá Torres que lo representara. Incluyó, además, Contestación a la Demanda y Demanda contra coparte, suscritas y firmadas por el licenciado Bauzá Torres.
El Tribunal de Primera Instancia resolvió, inter alia, que el licenciado Bauzá Torres debía replicar a lo siguiente: “(S)i usted es abogado del demandante, ¿Cómo va a representar a Don Samuel, co-demandado?”
El 27 de noviembre de 2002, el licenciado Radinson Pérez presentó una solicitud ante el foro primario para que se descalificara al licenciado Bauzá Torres por violar los Cánones 8, 21, 28 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al comparecer ante ese foro en representación del codemandado señor Samuel Crespo Pérez.
El 12 de diciembre de 2002, el Tribunal de Primera Ins *898 tancia dictó una sentencia parcial respecto al señor Crespo Tirado y el señor Crespo Pérez, desestimando con perjuicio la demanda respecto a éstos por no haber sido emplazados dentro del término de seis meses que dispone la Regla 4.3 de Procedimiento Civil, supra, y porque la señora Pagán Delgado no realizó gestión alguna para emplazarlos.
El 4 de febrero de 2003, el licenciado Bauzá Torres, en representación de la demandante, señora Pagán Delgado, presentó un escrito titulado “Moción de Reconsideración y/o Moción Solicitando Se Deje Sin Efecto y/o Se Enmiende la Misma y Moción Solicitando se Permita Desistir Sin Perjuicio”. En ella alegó, entre otras cosas: “Lo único que podría impedir a este abogado representar a ambos es que existiese o pudiera existir un conflicto de intereses entre ambas partes, lo que no ocurre.” Solicitó, además, que se le permitiera a la señora Págan Delgado desistir sin perjuicio del pleito y que se le diera la oportunidad al señor Crespo Pérez de hacer valer sus derechos, y de entenderse que pudiera haber un conflicto de interés, permitir que obtuviera nueva representación legal. En cuanto al señor Crespo Tirado, solicitó que la desestimación de la demanda se decretara sin perjuicio para que la señora Pagán Delgado, en su día, pudiera hacer valer sus derechos.
El 13 de febrero de 2003, los codemandados se opusieron a la moción del licenciado Bauzá Torres y solicitaron que se permitiera desistir sin peijuicio. Solicitaron, además, que el expediente del caso se remitiera al Procurador General. Luego, los codemandados presentaron una moción para que, en caso de que se decretara la desestimación sin perjuicio, se impusiera el pago del costo de la deposición y el pago de honorarios de abogado.
El 13 de febrero de 2003, el señor Crespo Pérez envió una carta al licenciado Bauzá Torres donde le señaló que nunca lo autorizó a representarlo en los tribunales de Puerto Rico.
El 28 de febrero de 2003, el licenciado Bauzá Torres presentó un escrito titulado “Moción en Oposición y Renuncia de Representación Legal”. Alegó, entre otras cosas, que no *899 existía conflicto de interés entre el señor Crespo Pérez y la señora Pagán Delgado. Sin embargo, para poner término a la controversia, le solicitó al Tribunal de Primera Instancia que aceptara su renuncia a seguir representando al señor Crespo Pérez.
Posteriormente, el licenciado Bauzá Torres sometió una serie de documentos al Tribunal de Primera Instancia que aparentemente sugerían contacto directo de su oficina con el señor Crespo Pérez.
El 23 de febrero de 2004, el foro de primera instancia dictó una “Sentencia de Archivo por Desistimiento sin Perjuicio”, en la que le impuso a la señora Pagán $2,200 como pago de honorarios de abogados que fueron consignados en el Tribunal de Primera Instancia el 20 de abril de 2004.
El 17 de marzo de 2004, los codemandados le informaron al tribunal que no le interesaba que se elevaran los autos del caso de epígrafe ante el Procurador General.
El 14 de julio de 2004, el Tribunal de Primera Instancia emitió una Resolución que remitió el caso ante nuestra consideración. Indicó lo siguiente:
"... ante el hecho indubitable que este Tribunal se percató personalmente del acto aparentemente dudoso (aún antes de que fuera traído a la atención del Tribunal por la demandada), el Tribunal está irremediablemente obligado, por imperativo ético y deber ministerial, a referirlo ante la consideración del Tribunal Supremo (pues es a dicho Tribunal al que le corresponde adjudicar si existe o no violación ética), no empece a la falta ya de interés de la parte demandada/promovente y al juicio particular que este Tribunal pueda tener de los hechos que motivan este referido, a base de las circunstancias de su ocurrencia.”
Señaló, además, ese tribunal que se remitió el caso ante este Tribunal porque el licenciado Bauzá Torres nunca contestó la interrogante sobre el aparente conflicto de intereses creado al representar a la parte demandante y a uno de los codemandados.
El 9 de agosto de 2004, el licenciado Bauzá Torres presentó una moción de reconsideración ante el foro de primera instancia en la que señaló, entre otras cosas, que sí *900 hubo una contratación de índole verbal entre él y el señor Crespo Pérez. Alegó, además, que sus actuaciones fueron de buena fe porque entendía que no existía conflicto de intereses entre la posición de la señora Pagán Delgado y el señor Crespo Pérez. Indicó, también, que tampoco hubo divulgación de información relativa a las posiciones de la señora Pagán Delgado y del señor Crespo Pérez que pudiese perjudicar los intereses individuales de éstos.
El 30 de agosto de 2004, el Tribunal de Primera Instancia emitió una resolución y orden en la cual indicó lo siguiente:
“De haberse presentado este escrito cuando se requirió, quizá el Tribunal hubiese quedado satisfecho con la explicación de lo ocurrido dentro del contexto de los hechos. Empero, el asunto ya no está en el ámbito de la autoridad del Tribunal de Primera Instancia.”
El 24 de noviembre de 2004, este Tribunal notificó una resolución que le ordenó a la Secretaría del Tribunal de Primera Instancia que remitiera una copia del expediente Gloria Pagán Delgado v. Tomás Crespo y otros, Civil Número KAC016759(506), al Procurador General para evaluación e informe.
El 28 de marzo de 2005, el Procurador General rindió un informe donde concluyó que el licenciado Bauzá Torres incurrió en posibles violaciones a los Cánones 21 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El Informe sostuvo que no había duda alguna que el licenciado Bauzá Torres, siendo el representante legal de la demandante, señora Pagán Delgado, aceptó ser y compareció ante los tribunales como el representante legal de uno de los codemandados. El Informe indicó, además, lo siguiente:
Con su postura, el querellado incurrió en un evidente conflicto de interés en tanto su deber era abogar (en beneficio de la demandante) por aquello a que debía oponerse (en beneficio de los co-demandados). En otras palabras, el querellado asumió la representación legal del co-demandado, siendo éste el representante legal de la demandante. No obstante lo anterior, el querellado alegó que “al renunciar este abogado a la represen *901 tación legal de Don Samuel y el Tribunal aceptar dicha renuncia, cualquier impresión de conflicto de intereses dejó de existir”. Entendemos que el hecho de haber renunciado a la representación legal de Don Samuel Crespo no elimina la posible violación ética en la que incurrió el querellado, ya que el hecho de que ya no exista el conflicto de interés no significa que no lo hubo anteriormente. El querellado además justificó su acción expresando que según las comunicaciones que tuvo con Don Samuel, él entendía que no había conflicto entre la posición de Don Samuel y Doña Gloria. El que el querellado entendiera que no había conflicto entre la posición de la demandada y el co-demandado no justifica su actuación; eso era un asunto que debía resolver precisamente el Tribunal de Instancia, a base de la prueba presentada por un abogado que estuviera libre de conflictos.
En la queja de autos el querellado aceptó la representación legal de uno de los codemandados mientras era abogado de la demandante. En el momento en que aceptó dicha representación legal, la controversia en torno a los planteamientos hechos en la demanda estaba ante el tribunal y no había sido resuelta. Obviamente la convicción personal del querellado en torno a la no existencia de conflicto entre las posiciones de Don Samuel y Doña Gloria, no lo exonera de la posible violación al C[a]non 21 de ética profesional. Por el contrario, sólo evidencia la necesidad de que todo cliente ostente una representación legal libre de conflicto que pueda velar por sus intereses. En vista de lo anterior, concluimos que el querellado incurrió en posible violación al Canon 21 de Etica Profesional.
En la queja de autos, el hecho del querellado haber comparecido en representación de la parte demandante y luego de comparecer en representación de uno de los co-demandados claramente aparenta una conducta impropia de parte del querellado. Informe del Procurador General, págs. 5-6.
El 21 de abril de 2005, el licenciado Bauzá Torres presentó ante este Tribunal una réplica al informe presentado por el Procurador General el 28 de marzo de 2005. Alegó, entre otras cosas, que cuando acudió al foro de primera instancia, el señor Crespo Pérez le informó que le interesaba liquidar la sucesión y le reconocía el derecho de la señora Pagán Delgado a reclamar de ésta. Señaló, además, que de buena fe entendía que no existían intereses encontrados entre la señora Pagán Delgado y el señor Crespo Pérez, y que tan pronto surgió la duda con relación al po *902 sible conflicto de intereses, él renunció a la representación legal del señor Crespo Pérez. Indicó, además, que solicitó el desistimiento sin perjuicio de la reclamación de la señora Pagán Delgado para preservar su causa de acción. Alegó que sus actuaciones nunca perjudicaron a ninguna de las partes y que desde el 5 de marzo de 1963, día de su juramento como abogado, ha tratado y se ha esforzado por mantener una conducta intachable.
Mediante Resolución de 5 de agosto de 2005 —notificada el 9 de agosto de 2005— este Tribunal ordenó al Procurador General la formulación de querella.
El 17 de noviembre de 2005, el Procurador General formuló una querella contra el licenciado Bauzá Torres. Le imputó los cargos siguientes:

CARGO I

El Ledo. Bauzá Torres incurrió, en conducta profesional en violación al Canon 21 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C.21, el cual dispone, entre otras cosas, que no es propio de un profesional el representar intereses encontrados.

CARGO II

El Ledo. Antonio Bauzá Torres incurrió en conducta profesional en violación al Canon 38 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C.38, el cual dispone, entre otras cosas, que el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia. Además, por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable. Querella, págs. 2-3.
El 9 de febrero de 2006, el licenciado Bauzá Torres presentó un escrito titulado “Contestación a la querella”. Argüyó, entre otras cosas, que el señor Crespo Pérez se comunicó con él para indicarle que la señora Pagán Delgado tenía derecho a reclamar sobre el caudal de su padre. Ex-presó que en ese momento entendió de buena fe que los intereses de la señora Pagán Delgado y del señor Crespo *903 Pérez eran idénticos, y que tan pronto surgieron diferencias entre él y el señor Crespo Pérez renunció a seguir representándolo. Indicó, además, que solicitó se le permitiese a la señora Pagán Delgado desistir de la demanda sin perjuicio y que nunca hubo divulgación de información relativa a las posiciones de la señora Pagán Delgado y del señor Crespo Pérez. Alegó, además, que durante el tiempo que se ha desempeñado en la práctica de abogado siempre ha observado una conducta intachable que le ha permitido gozar de buena reputación en la comunidad jurídica. Admitió, sin embargo, que pudo haber cometido un error de juicio de buena fe sin intención de perjudicar a ninguna de las partes.
El 26 de julio de 2006 designamos como Comisionada Especial a la Honorable Crisanta González Seda, ex Juez Superior del Tribunal de Primera Instancia (Comisionada Especial), para recibir y evaluar la prueba a ser presentada por las partes. La Comisionada Especial señaló una conferencia con antelación a la vista para el 13 de septiembre de 2006.
El 11 de septiembre de 2006, el Procurador General y la representación legal del licenciado Bauzá Torres presentaron un informe sobre la conferencia entre abogados en el que se informó la prueba testifical y documental que se iba a presentar.
El 13 de septiembre de 2006 se celebró la conferencia con antelación a la vista en su fondo. Se estipuló la celebración de la vista en su fondo para el 6 de noviembre de 2006.
El 6 de noviembre de 2006 se celebró la vista en su fondo. Sin embargo, a la misma no compareció el licenciado Bauzá Torres ni su abogado. Tampoco se recibió moción ni comunicación alguna para justificar tal incomparecencia. La Comisionada Especial admitió la prueba presentada por el Procurador General y dio por sometido su caso. Además, se expidió una Orden al licenciado Bauzá Torres para mostrar causa por la cual no debía encontrársele incurso *904 en desacato por no haber comparecido ni haber justificado dicha incomparecencia cuando fue debidamente notificado a través de su abogado, y apercibiéndole que de no comparecer a una segunda vista el 5 de diciembre de 2006 y de no existir causa que lo justificara, se entendería que el licenciado Bauzá Torres renunciaba a la presentación de evidencia y daría por sometido su caso. Dicha Orden fue notificada el 10 de noviembre de 2006.
El 16 de noviembre de 2006, la representación legal del licenciado Bauzá Torres presentó una moción en donde se indicó, entre otras cosas, que por error no se apuntó en el calendario la fecha de la vista celebrada el 6 de noviembre de 2006.
Después de celebrada la vista en su fondo el 5 de diciembre de 2006, la Comisionada Especial rindió su informe el 29 de enero de 2007. Al formular sus determinaciones de hecho, la Comisionada Especial evaluó la prueba presentada, las estipulaciones de las partes, los documentos presentados en evidencia, la querella y su contestación, y los pronunciamientos judiciales relacionados con los hechos que dieron lugar a que el Procurador General formulara la querella.
II
Pasemos a evaluar, como cuestión de umbral, lo que contempla y dispone el Canon 21 del Código de Ética Profesional, supra (Canon 21):(3)
El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. ...
No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un *905 cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.
La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban. (Énfasis suplido.)(4)
El conflicto de intereses dispuesto por el Canon 21, supra, presenta tres situaciones que todo abogado debe evitar: (1) que en beneficio de un cliente se abogue por aquello a lo que el letrado debe oponerse en cumplimiento de sus obligaciones para con otro cliente; (2) que un abogado acepte la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de un cliente anterior, y (3) que un abogado acepte una representación legal, o que continúe en ella, cuando su juicio profesional pueda ser afectado por sus intereses personales.(5)
Dicha norma ética pretende evitar una conducta profesional que mine el principio cardinal de confianza que fundamenta toda relación fiduciaria entre el abogado y su cliente.(6) La relación abogado-cliente se funda en el deber de lealtad y de confidencialidad de todo abogado para con su cliente. Su relación es de naturaleza fiduciaria y está fundada en la honradez absoluta.(7) El abogado tiene la obligación de representar a su cliente con total lealtad, ejercer un criterio profesional independiente y desligado de sus propios intereses, no divulgar los secretos y confiden *906 cias que el cliente haya compartido durante el transcurso de sus representaciones pasadas y presentes.(8)
Los abogados no sólo deben evitar el conflicto de intereses actual, sino también el potencial.(9) Basta con que el conflicto sea potencial para imponer al abogado la obligación de renunciar a la representación del cliente afectado.(10) La situación no varía por el hecho de que alguien crea que dicha posibilidad es, o no es, altamente especulativa.(11) “Por lo tanto, es éticamente insostenible que un abogado ostente la representación simultánea o sucesiva de partes con potencial conflicto de intereses o con intereses encontrados.” (Enfasis suplido.)(12)
Todo abogado debe cerciorarse de que no represente intereses encontrados o incompatibles entre sí.(13) El abogado tiene que cuidarse de que sus actuaciones no den margen a la más leve sospecha de que promueve o defiende intereses encontrados con los de su cliente.(14) En caso de que surja esa sospecha, es deber del abogado desligarse de la representación profesional que ocupa.(15) “De este modo, se garantiza la más completa independencia de juicio por parte de los abogados al desempeñar sus funciones profesionales y se evita que se erosione la confianza pública en las instituciones de justicia.”(16)
*907 III
El Canon 38 del Código de Ética Profesional, supra, dispone lo siguiente:
El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.(17)
En numerosas ocasiones hemos recalcado que el abogado tiene la obligación de evitar la apariencia de impropiedad en el desempeño de sus labores profesionales.(18) Es obligación de todo abogado evitar la más mínima apariencia de impropiedad; esto es, en caso de duda sobre la posibilidad de un conflicto de intereses, el abogado deberá renunciar a la representación legal del cliente o afectado o potencialmente afectado.(19) El abogado tiene que ser escrupuloso en el cumplimiento de las normas de ética profesional y debe cuidarse que sus actuaciones no den margen a la más leve sospecha de impropiedad.(20) Por ende, “ la apariencia de impropiedad será utilizada [para resolver cualesquiera dudas que surjan sobre posible conflicto de intereses], a favor de la descalificación’ ”.(21)
IV
Pasemos a considerar las recomendaciones de la Comisionada Especial a los efectos de determinar si el licenciado Bauzá Torres representó intereses encontrados y, en consecuencia, infringió los Cánones 21 y 38 del Código de Ética *908 Profesional, supra, que obligan a todos los miembros de la profesión jurídica en Puerto Rico.
Celebrada la vista en su fondo, luego de evaluar la prueba testifical y documental presentada por las partes, la Comisionada Especial rindió su informe. Concluyó que el licenciado Bauzá Torres incurrió en un potencial conflicto de intereses. Determinó que se observó la apariencia de conducta profesional impropia, ya que la evidencia demostró que el licenciado Bauzá Torres incurrió en la conducta que le imputó el Procurador General.
Expuso, además, lo siguiente:
No obstante lo anterior, la Procuradora General Auxiliar estipuló la buena reputación del querellado, lo que se ha considerado por el Honorable Tribunal Supremo, como atenuante. De igual forma, el hecho de que es ésta su primera querella, en los cuarenta y cuatro años que ha ejercido esta profesión y la notaría, que no hubo cobro de honorarios y el querellado pagó los honorarios de la parte demandada. También, el hecho de que ninguna de las partes expresó que hubieran resultado perjudicadas económicamente por los hechos de esta querella.
De mucha importancia, a nuestro juicio, resultan las expresiones del abogado en su testimonio ante esta Comisionada, a efectos de que se encuentra arrepentido, que reconoce que hubo un error de juicio en sus actos, aunque sus actuaciones fueron de buena fe y sin ánimo de perjudicar a nadie, que tanto él como su familia se han visto afectados por esta situación y que de presentarse una situación similar, no repetiría su actuación en este caso. Informe de la Comisionada Especial, págs. 19-20.
En In re Ayala Oquendo, 166 D.P.R. 587, 597 (2005), en referencia a la función de la Comisionada Especial, este Tribunal expresó lo siguiente:
Es responsabilidad del Comisionado Especial, designado por este Tribunal en un caso disciplinario, atender las querellas presentadas por el Procurador General contra un abogado, así como recibir la prueba, evaluar y dirimir los conflictos de prueba. Este funcionario ocupa el rol de juzgador de primera instancia, por lo que está en mejor posición de aquilatar la prueba testifical presentada. Sus determinaciones de hechos, basadas en prueba testimonial, merecen nuestra mayor deferencia. Cuando [las mismas] están sostenidas por la evidencia que obra en nuestro expediente, no habremos de inter *909 venir, en ausencia de una demostración de pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la prueba. (Enfasis y escolios omitidos.)
No hemos encontrado nada en el expediente que justifique que intervengamos con las determinaciones de hecho formuladas por la Comisionada Especial. Estas determinaciones se apoyan en la evidencia presentada y admitida. Concluimos que la presunción sobre su corrección no ha sido rebatida.
Coincidimos con la determinación fáctica de la Comisionada Especial de que el licenciado Bauzá Torres violó el citado Canon 21 al comparecer en representación del codemandado, señor Crespo Pérez, cuando ya había comparecido en representación de la demandante, señora Pagán Delgado. Es claro que el licenciado Bauzá Torres incurrió en un evidente conflicto de interés en tanto su deber era abogar (en beneficio de la demandante) por aquello a lo que debía oponerse (en beneficio de los codemandados). El que el licenciado Bauzá Torres entendiera de buena fe que no había conflicto entre la posición de la señora Pagán Delgado y del señor Crespo Pérez no justificaba su actuación, ya que eso era precisamente un asunto para que el foro de primera instancia resolviera. En vista de lo anterior, concluimos que el licenciado Bauzá Torres violó al Canon 21 del Código de Ética Profesional, supra.
De igual forma coincidimos con la determinación fáctica de la Comisionada Especial de que el licenciado Bauzá Torres violentó el citado Canon 38 al comparecer en representación del codemandado, señor Crespo Pérez, cuando ya había comparecido en representación de la demandante, señora Pagán Delgado. El haber comparecido en representación de la parte demandante y luego comparecer en representación de uno de los codemandados claramente rebasa un aparente conflicto de intereses de parte del licenciado Bauzá Torres.
Aunque la conducta del licenciado Bauzá Torres es altamente censurable, no podemos pasar por alto que éste *910 nunca había sido investigado o sancionado previamente por actuaciones relacionadas con su desempeño como abogado o notario desde que fue admitido a la práctica y que éste goza de buena reputación en la comunidad. Cabe recordar que ni la señora Pagán Delgado ni el señor Crespo Pérez se han querellado de haber sufrido perjuicio alguno como consecuencia de los hechos relacionados a este caso. El licenciado Bauzá Torres realizó actos dirigidos a tomar medidas protectoras para evitar que las partes sufrieran daños; incluso, pagó el monto de los honorarios de abogado impuestos a su dienta, la señora Pagán Delgado. Tampoco cobró honorarios por sus servicios y, además, obtuvo el permiso para desistir de la demanda sin perjuicio para que su cliente pudiera hacer una nueva reclamación en el futuro. Es de notar que el licenciado Bauzá Torres mostró arrepentimiento por los hechos, y su convicción y compromiso de que no los repetiría, de surgir una situación similar.
V
En mérito de lo antes expuesto, procede censurar severamente al licenciado Bauzá Torres. Apercibimos al licenciado Bauzá Torres para que, en el futuro, ejerza mayor cautela al evaluar las situaciones que pudieran generar un conflicto de intereses o, en la alternativa, que pudieran reflejar una apariencia de impropiedad. Apercibimos, además, al licenciado Bauzá Torres de que en el futuro procure el cabal cumplimiento a los cánones del Código de Ética Profesional que rigen la profesión togada.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.

 Gloria Pagán Delgado v. Tomás Crespo y otros, Civil Número KAC-01-6759 (506).

 32 L.P.R.A. Ap. III.

 4 L.P.R.A. Ap. IX.

 íd.

 In re Avilés Tosado, 157 D.P.R. 867, 882 (2002); In re Sepúlveda Girón, 155 D.P.R. 345, 355 (2001). Véase, además, In re Toro Cubergé, 140 D.P.R. 523 (1996).

 In re Avilés Tosado, supra.

 In re Vélez Barlucea, 152 D.P.R. 298, 309 (2000); In re Belén Trujillo, 126 D.P.R. 743, 754-755 (1990); In re Pereira Esteves, 131 D.P.R. 515 (1992); In re Rivera Carmona, 114 D.P.R. 390 (1983).

 In re Vélez Barlucea, supra; Liquilux Gas Corp. v. Berríos, Zaragoza, 138 D.P.R. 850, 857-858 (1995); Robles Sanabria, Ex parte, 133 D.P.R. 739 (1993).

 In re Bonilla Rodríguez, 154 D.P.R. 684, 694 (2001).

 íd.

 íd.; Fed. Pesc. Playa Picúas v. U.S. Inds., Inc., 135 D.P.R. 303, 319 (1994).

 In re Bonilla Rodríguez, supra.

 íd.

 In re Roldán González, 113 D.P.R. 238, 242-243 (1982).

 íd.

 In re Palou Bosch, 148 D.P.R. 717, 725 (1999).

 4 L.P.R.A. Ap. IX.

 In re Toro Cubergé, supra; In re Colón Ramery, 133 D.P.R. 555 (1993); In re Valentín González, 115 D.P.R. 68 (1984); In re Rojas Lugo, 114 D.P.R. 687 (1983).

 In re Bonilla Rodríguez, supra.

 íd.

 íd.; Meléndez v. Caribbean Int’l. News, 151 D.P.R. 649 (2000). Véase, además, Liquilux Gas Corp. v. Berríos, Zaragoza, supra.